## SOLOMON v. CAVELIER.

Where one who claims to be the owner of a slave found in the possession of a third person, causes him to be placed in jail, and commences a petitory action to recover him, an action for damages for the illegal imprisonment will be prescribed by one year from the termi-. nation of the imprisonment. The prescription is not suspended by the pending of the petitory action. The rule *Contra non valentem* &c, is inapplicable to such a case, as the damages might have been claimed in reconvention, being connected with and incidental to the action for the recovery of the slave. C. P. 375.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. W. H. *Hunt*, for the plaintiff. *Blache*, for the appellant. The judgment of the court was pronounced by

Solomon
*v.*
Cavelier.

King, J. The plaintiff, as the assignee of *Moss*, instituted this action to recover the value of the services of a slave, who, it is alleged, was wrongfully confined by the order of the defendant in one of the public prisons of this city. The defendant denied his liability and pleaded the prescription of one year. A judgment was rendered in favor of the plaintiff, and the defendant has appealed.

It appears that *Cavelier* and *Davenport* claimed to be the owners of the slave in question, and finding him in the possession of *Moss'* agent, directed him to be lodged in prison, where he was accordingly placed, in January, 1845, and remained for nearly a year. They also instituted a petitory action against *Moss* for the recovery of the slave, in which they prevailed in the lower court, but, upon an appeal, the judgment of the inferior tribunal was reversed, in May, 1847, and *Moss* decreed to be the owner. See 2 An. 584. The present suit for damages, was not instituted until the 25th November, 1847, nearly two years after the commission of the wrongful act complained of. The action was consequently prescribed, unless prescription was interrupted or suspended. C. C. arts. 3501, 3502.

The district judge was of opinion that the prescription was suspended by the pendency of the petitory action between the same parties, on the principle, *Contra non valentem agere non currit præscriptio.* He considered that *Moss* was not bound in the first suit to plead in reconvention the damages claimed in the present action, and that he could not have instituted a separate suit to recover them. The district judge, in our opinion, erred. That *Moss* could have instituted his demand in reconvention for the damages now claimed, we think admits of no doubt. The demand was connected with and incidental to the main action. C. P. art. 375. That the extent of his damages was not then known, formed no valid objection to instituting his reconventional demand. His claim could have been set forth for the monthly value of the slave's services, precisely as it has been averred in the present action. Whether he could have instituted a separate suit for damages, while the first was pending, it is immaterial to inquire. He had an adequate remedy, of which he failed to avail himself, and cannot now assert that he was unable to act, and claim the benefit of the rule *Contra non valentem agere.*

The judgment of the District Court is, therefore, reversed, and a judgment rendered in favor of the defendant, with the costs of both courts.